**Julius ROSE, Plaintiff-Appellant,**

v.

**Edward J. QUIGLEY, Postmaster, Brooklyn 1, N. Y., Defendant-Respondent.**

No. 149, Docket 25319.

United States Court of Appeals
Second Circuit.

Argued Feb. 5, 1959.

Decided March 9, 1959.

Julius Rose, pro se.

Robert A. Morse, Asst. U. S. Atty., E. D. N. Y. Brooklyn, N. Y. (Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., on the brief), for defendant-respondent.

Before CLARK, Chief Judge, MADDEN, Judge, United States Court of Claims,* and HINCKS, Circuit Judge.

PER CURIAM.

In this action for an injunction plaintiff is attempting to obtain modification of an order issued by the Postmaster General on April 15, 1948, under 39 U.S.C. §§ 259, 732, denying him the use of the mails under either his own name or his trade name of General Developing Company. The order was entered after appropriate administrative proceedings because he solicited and obtained funds for dealers' franchises for two wonder automobiles of light weight, economical fuel consumption, and other unusual qualities, in process of produc-

tion by him, although it was found that actually he had built no such cars and was not in a position to make delivery at any reasonably early date. No appeal was taken against this order. In 1949 he was acquitted on a criminal charge involving these matters. Now, ten years after the order he sues to enjoin the Brooklyn postmaster from refusing to deliver personal mail at his Brooklyn address, upon his assertion that he has not conducted any business there under his personal name.

■■ A postal fraud order should be no broader than the circumstances require for public protection, Donaldson v. Read Magazine, 333 U.S. 178, 184, 68 S. Ct. 591, 92 L.Ed. 628; and he might well be entitled to personal relief upon a finding of facts along the lines of his claim. This the respondent thoroughly recognized in opposing the temporary and the final injunction sought until there could be a hearing on the merits and asking for time to produce the postal inspector who had made the original investigation and who was not immediately available. But the plaintiff strenuously opposed this request, bitterly attacking the respondent's "delaying tactics." His maneuvers here appear akin to his refusal to submit to cross-examination before the entry of the original order. Taking him at his word, however, first Judge Byers refused a temporary injunction and later Judge Bruchhausen denied a permanent injunction on the basis of the record before them consisting of affidavits and exhibits. This appeal followed.

From the record it appears that plaintiff has prepared newly printed material for sending to prospective dealers or distributors which still treats the wonder cars as realities, e. g., "These amazing lightweight cars * * * are really something to shout about—they are new in every respect and quite different from anything on the market. * * * The Comet for the time being comes only in dark maroon color and the Marvel in white," etc. The equities are certainly

* Sitting by designation pursuant to the provisions of 28 U.S.C. § 291(a).

not improved by his naive assurance that he has not set forth a definite date for delivery of the cars. In preliminary negotiations with regard to the modification the post office authorities submitted to him for his executon an affidavit stating that he had discontinued the suppressed enterprise and would not resume it; this he angrily repudiated, referring to the "unheard-of arrogance of the bureaucrats in the Department" and stating that the assistant general counsel's reasonable letter was "full of dirty lies and misstatements." It is quite apparent that the circumstances justifying the original order have not changed and that the hearing he so effectively prevented could not have produced a basis of facts adequate to justify the injunctive relief he sought.

Affirmed.